IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES<br><br>Defendants. | Case No. |

**UNITED STATES LIABILITY INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff UNITED STATES LIABILITY\ INSURANCE COMPANY ("USLI"), by and through its attorneys, Weber Gallagher, and for its Complaint for Declaratory Judgment against defendants HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES, allege as follows:

**Nature of the Complaint**

1. This is a Complaint for declaratory judgment and other relief pursuant to 28 U.S.C. § 2201, which has been brought to determine whether the USLI policy has any obligation to defend or indemnify defendants HIGHVIEW PART TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES with respect to a Complaint alleging bodily injury filed against HIGHVIEW PART TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES in the Circuit Court of DuPage County, Illinois, captioned *Ricardo*

*Delgado and Maria Delgado v. Highview Park Townhomes Association, Martin Bravo, Tatiana Talavera and Ricardo Humphries*, Case No. 2026MR000390. A true and correct copy of that Complaint is attached hereto as Exhibit A (hereinafter, the "Underlying Complaint").

2. USLI's position is that for the reasons set forth below, there is no coverage for the Underlying Complaint for HIGHVIEW PART TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES pursuant to the terms of the USLI policy issued to HIGHVIEW PART TOWNHOMES ASSOCIATION.

3. Upon information and belief, this declaratory judgment action will resolve certain issues pertaining to whether the USLI policy has any obligation to provide a defense to HIGHVIEW PART TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES with respect to the Underlying Complaint, or to indemnify HIGHVIEW PART TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES in the event HIGHVIEW PART TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES is or are found to have any liability in connection with the Underlying Complaint.

## The Parties

4. At all times herein mentioned, plaintiff UNITED STATES LIABILITY INSURANCE COMPANY is a Nebraska Corporation having its principal place of business in Wayne, Pennsylvania.

5. At all times herein mentioned, on information and belief, defendant HIGHVIEW PARK TOWNHOMES ASSOCIATION is an Illinois Corporation with its principal place of business in Illinois.

6. At all times herein mentioned, defendant MARTIN BRAVO was and is a citizen of Illinois.

7. At all times herein mentioned, defendant TATIANA TALAVERA was and is a citizen of Illinois.

8. At all times herein mentioned, defendant RICARDO HUMPHRIES was and is a citizen of Illinois.

## Jurisdiction and Venue

9. This court has jurisdiction over this matter under 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists between USLI and each of the defendants, and because the amount in controversy, including the combined costs of defense and indemnity in the underlying case at issue, exceeds the sum or value of seventy-five thousand dollars ($75,000.00) exclusive of interests and costs.

10. This court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, in relation to the dispute and controversy between the parties with respect to insurance obligations and the allegations of the Underlying Complaint.

11. Venue is proper in this District and Court under 28 U.S.C. §1391(a). A substantial part of the events or omissions giving rise to the claim occurred in this District.

## Facts

### The Underlying Complaint

12. On June 26, 2026, RICARDO DELGADO and MARIA DELGADO ("Underlying Plaintiffs") filed the Underlying Complaint seeking recovery for damages allegedly sustained as the result of property damage to their property located at 155 Ruga Court, Addison, IL (the "unit"), and specifically ongoing foundation and slab issues, settlement cracks throughout the unit,

door frames shifting, dry wall coming apart, the widening of cracks in the foundation and slab, and the continued deterioration of the overall integrity of the foundation and slab.

13. The Underlying Complaint alleges that in 2017, the Underlying Plaintiffs observed cracks in the foundation and slab of the Unit which caused uneven floors and cracks in the unit. Underlying Complaint, Exhibit A, Para. 10.

14. The Underlying Complaint alleges that as a result of the cracks in the foundation and slab, and repair work to the interior of the Unit, RICHARD DELGADO and MARIA DELGADO have been unable to reinstall and complete the interior finishes of the unit, including the flooring, and have been unable to rent the unit since spring of 2022, resulting in lost rental income. Underlying Complaint, Exhibit A, Paras. 16-18.

15. The Underlying Complaint further alleges that in December of 2022, without notice or approval, HIGHVIEW PARK TOWNHOMES ASSOCIATION allowed a contractor to install tile in the unit's bathroom and charged the cost to RICHARD DELGADO and MARIA DELGADO. The Underlying Complaint alleges that this tile subcontractor performed subpar work which resulted in removal of the tile shortly after it was installed. Underlying Complaint, Exhibit A, Paras. 21-22.

16. The Underlying Complaint contains three Causes of Action:

a. First Cause of Action: Declaratory Action against HIGHVIEW PARK TOWNHOMES ASSOCIATION,

b. Second Cause of Action: Breach of Contract against HIGHVIEW PARK TOWNHOMES ASSOCIATION ,

c. Third Cause of Action: Breach of Fiduciary Duty, against MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES.

17. As to the Third Cause of Action, the Underlying Complaint alleges that MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES have "Breach(ed) . . . Fiduciary Duties" by:

a. Failing to repair the Underlying Plaintiff's foundation and concrete slab under the Unit (Underlying Complaint, Exhibit A, Para. 59),

b. Failing to offer Underlying Plaintiff a credit towards the costs of interior repair of the Unit (Underlying Complaint, Exhibit A, Para. 60),

c. Forcibly entering the Unit and conducting improper tile work, the costs for which were charged to the Underlying Plaintiffs (Underlying Complaint, Exhibit A, Para. 60),

d. Not offering and/or paying to repair the defective foundation and concrete slab of the Unit (Underlying Complaint, Exhibit A, Para. 60),

e. Failing to "provide notices and other information" of the credit in sub. b of this Paragraph to Underlying Plaintiffs (Underlying Complaint, Exhibit A, Paras. 24 and 60).

18. The Underlying Complaint seeks:

a. A declaration that HIGHVIEW PARK TOWNHOMES ASSOCIATION is solely responsible for the costs of repair of the foundation and concrete slab at the unit,

b. An Order compelling HIGHVIEW PARK TOWNHOMES ASSOCIATION to "repair the (*sic.*) stabilize the foundation and concrete slab at the unit,

c. And Order enjoining HIGHVIEW PARK TOWNHOMES ASSOCIATION from making repairs to the interior of the unit without consent of RICHARD DELGADO or MARIA DELGADO,

d. Lost rental income, the costs of hiring engineers to investigate the alleged damages to the unit and expenses incurred for removing defective interior work performed by HIGHVIEW PARK TOWNHOMES ASSOCIATION to the unit,

e. Costs in bringing the Underling Complaint, and

f. Punitive damages.

19. HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and RICARDO HUMPHRIES tendered the Underlying Complaint to USLI requesting defense and indemnification under the USLI policy.

20. ULSI denies any obligation to provide HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES a defense or indemnification in connection with the claims made in Underlying Complaint under the USLI policy.

**The USLI Policy**

21. USLI issued an insurance policy to HIGHVIEW PARK TOWNHOMES ASSOCIATION bearing Policy No. NPP1600285, effective from January 21, 2021, to January 21, 2022. (the "Policy"). The policy was renewed annually, with each subsequent policy bearing the same number but with a letter suffix denoting the subsequent policy year. For example, policy number NPP1600285A was effective from January 21, 2022, to January 21, 2023, etc. Although the policies have different policy periods, they contain the same relevant terms and conditions. Accordingly, the renewal policies will be referred to collectively as the "Policy" A copy of the USLI Policy is attached hereto as Exhibit B. Copies of the following, subsequent policies are also attached as Exhibits:

a. NPP1600285A, effective January 21, 2022, to January 21, 2023, Exhibit C,

b. NPP1600285B, effective January 21, 2023, to January 21, 2024, Exhibit D,

c. NPP1600285C, effective January 21, 2024, to January 21, 2025, Exhibit E,

d. NPP1600285D, effective January 21, 2025, to January 21, 2026, Exhibit F,

e. NPP1600285E, effective January 21, 2026, to January 21, 2027, Exhibit G,

22. The Policy contains two coverage grants: a "Commercial General Liability" Part ("CGL") and a "Directors and Officers Liability" Part (D&O").

23. The CGL Insuring Agreement of the Policy provides, in part, as follows:

> SECTION 1 – COVERAGES
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
> However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …
> b. This insurance applies to "bodily injury" and "property damage" only if:
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> (2) The "bodily injury" or "property damage" occurs during the policy period;…

24. The CGL Part of the Policy contains the following Exclusion:

> 2. Exclusions
> This insurance does not apply to:
> …
> j. Damage To Property
> "Property damage" to:
> (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
> …
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly

> on your behalf are performing operations, if the "property damage" arises out of those operations; or
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

25. The CGL Part of the Policy contains the following Form L 532 (08/03) EXCLUSION – CONSTRUCTION OPERATIONS, which states the following:

> This insurance does not apply to “bodily injury”, “property damage”, or “personal and advertising injury” or medical expenses arising out of any construction, “construction services”, demolition, renovation or site preparations.10 “Construction Services” includes, but is not limit to surveying, drafting, test borings, or inspections.

26. The CGL Part of the policy contains the following Exclusion:

> This insurance does not apply to:
> …
> 1. Pre-existing or Progressive Damage or Defect
> This insurance does not apply to “bodily injury” or “property damage”, or any damage(s) arising out of or related to “bodily injury” or “property damage”, whether known or unknown,
> a. Which first occurred, or is alleged to have first occurred, in whole or in part, prior to the inception date of this policy; or
> b. Which are, or alleged to be, in the process of occurring, in whole or in part, prior to the inception date of this policy, even if the “occurrence” continues, changes or resumes during the policy period; or
> c. Which is in the process of being reported, investigated, in litigation or settled as of the inception date of this policy.
>
> This insurance does not apply to “property damage”, or any damage(s) arising out of or related to “property damage”, whether known or unknown, that arises out of the same or substantially the same condition or defect, or series of conditions or defects, which existed prior to the inception date of this policy, even if the condition or defect, or series of conditions or defects continues, changes or resumes during the policy period.

27. The CGL Part of the policy contains the following condition:

> 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
> (1) How, when and where the "occurrence" or offense took place;
> (2) The names and addresses of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
> b. If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
> c. You and any other involved insured must:
> (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> (2) Authorize us to obtain records and other information;
> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

c. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

28. The D&O Part contains the following Insuring Agreement:

> A. The Company will pay on behalf of the Insured, Loss in excess of the Retention not exceeding the Limit of Liability shown in the Policy declarations for which this coverage applies that the Insured shall become legally obligated to pay because of Claims first made against the Insured during the Policy Period or during the

Extended Reporting Period, if applicable, for Wrongful Acts or Wrongful Employment Acts arising solely out of an Insured's duties on behalf of the Organization. Such Claim(s) must be reported to the Company in accordance with Section XIII herein.

B. The Company has the right and duty to defend any Claim to which this insurance applies, even if the allegations of the Claim are groundless, false or fraudulent.

…

29. The D&O Part of the Policy contains the following Definitions:

B. "Claim" means:
(1) any written notice received by any Insured that any person or entity intends to hold such Insured responsible for a Wrongful Act or Wrongful Employment Act; or
(2) any written demand for monetary or nonmonetary relief received by any Insured seeking to hold such Insured responsible for a Wrongful Act or Wrongful Employment Act; or
(3) any judicial or administrative proceeding initiated against any Insured seeking to hold such Insured responsible for a Wrongful Act or Wrongful Employment Act, including any proceeding conducted by the Equal Employment Opportunity Commission or similar federal, state or local agency and any appeal therefrom.
(4) any written request to toll the statute of limitations relating to a potential Claim involving an alleged Wrongful Act or Wrongful Employment Act.

A Claim shall be considered first made when an Insured or its legal representative or agent first receives notice of a Claim.

…

D. "Construction Defect(s)" means any actual or alleged defective, faulty or delayed construction or any other matter constituting a construction defect under applicable law, regardless of whether it results from:
(1) defective or incorrect architectural plans or other designs;
(2) defective or improper soil testing;
(3) defective, inadequate or insufficient protection from subsoil or earth movement or subsidence;

> (4) construction, manufacture or assembly of any tangible property;
> (5) the failure to provide or pay for any construction-related goods or services;…
> (6) the supervision or management of any construction-related activities.

30. The D&O Part of the policy contains the following Exclusion:

> A. The Company shall not be liable to make payment for Loss or Defense Costs (except where otherwise noted) in connection with any Claim made against the Insured arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:
> (1) any actual or alleged bodily injury, sickness, humiliation, mental anguish, emotional distress, invasion of privacy, assault, battery, disease or death of any person, or theft, conversion, misappropriation, loss of use or view, damage, destruction, or deterioration of any property including any loss of use or slander of title;…
>
> …
>
> (10) any actual or alleged liability of any insured, in whole or in part, including but not limited to actions for contribution of indemnity, related to or for any Construction Defect(s);
>
> …
>
> B. The Company shall be liable to make payment for Defense Costs but not Loss in connection with any Claim made against the Insured arising out of, directly or indirectly resulting from or in consequence of, or in any way involving:
>
> (1) breach of any oral, written or implied contract or agreement by any Insured, or any liability of others assumed by any Insured under any oral, written or implied contract or agreement; …

**COUNT I**
**(NO "PROPERTY DAMAGE" SOUGHT IN COUNT 1 OF THE UNDERLYING COMPLAINT)**

31. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

32. Count 1 of the Underlying Complaint seeks "Declaratory Action (Judgment) Against" HIGHVIEW PARK TOWNHOMES ASSOCIATION.

33. Count 1 of the Underlying Complaint does not contain a claim for damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the CGL Part of Policy.

34. The Policy applies only when an insured becomes "legally obligated to pay damages because of "bodily injury" or "property damage".

35. Count I of the Underlying Complaint seeks declaratory relief which does not constitute damages.

36. The Policy only applies when an insured becomes legally obligated to pay damages caused by an "occurrence" during the policy period.

37. The Underlying Complaint alleges that the issues with the cracks in the foundation and concrete slab were first noticed by Plaintiffs in 2017. Underlying Complaint, Exhibit A, Para. 10. The first Policy incepted on January 21, 2021. Exhibit B.

38. Any damages that occurred prior to the first policy period are not covered because no "occurrence" took place during the Policy period.

39. The Underlying Complaint's claims for breach of contract, failing to perform repairs, and breach of fiduciary do not allege an "occurrence" resulting in "bodily injury" or "property damage"

40. Accordingly, the CGL Part of the Policy does not provide coverage for this matter because the allegations are outside of the Insuring Agreement quoted in Paragraph 23, above.

41. USLI thus does not owe any defense or indemnity obligations to HIGHVIEW PARK TOWNHOMES ASSOCIATION for the Underlying Complaint under the CGL Part of the Policy.

**COUNT II**
**(NO COVERAGE FOR "CONSTRUCTION SERVICES")**

42. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

43. The Underlying Complaint alleges that "property damage" occurred as a result of construction and/or "construction services" performed on the Underlying Plaintiffs 'property,

44. The Policy language cited in Paragraph 19, above, states that the Policy does not provide coverage for "property damage" or "personal and advertising injury" arising out of any construction or "construction operations", including any demolition, renovation or site preparations.

45. The Policy language cited in Paragraph 25, above, precludes coverage for the Underlying Complaint.

46. Accordingly, USLI does not owe any defense or indemnity obligations to HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES under the CGL Part of the Policy for the Underlying Complaint.

**COUNT III**
**(BREACH OF NOTICE CONDITION PRECLUDES COVERAGE)**

47. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

48. The Underlying Complaint alleges that in the “spring of 2022”, undertook repairs to the foundation and slab of the Unit. Underlying Complaint, Para. 11.

49. Notice of the claim that is the subject of the Underlying Complaint was not provided to USLI until 2026.

50. HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES failed to give reasonably timely notice of any “occurrence,” offense, claim or of the Underlying Complaint as required by the Policy.

51. Accordingly, any coverage which otherwise might exist under the CGL Part of the Policy for the claims in the Underlying Complaint is forfeit.

52. Therefore, USLI does not owe any defense or indemnity obligations to HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES under the CGL Part of the Policy for the Underlying Complaint

**COUNT IV**
**(NO COVERAGE FOR “PRE-EXISTING” OR “PROGRESSIVE” DAMAGES)**

53. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

54. The Policy language sited in Paragraph 26, above, explains that the Policy does not provide coverage for injuries or damage that begins prior to the effective date of the Policy.

55. The Underlying Complaint alleges that the issues with the cracks in the foundation and concrete slab were first noticed by Plaintiffs in 2017. Underlying Complaint, Para. 10.

56. The Policy incepts on January 21, 2021.

57. Therefore, Underlying Plaintiffs’ alleged damages relate to “property damage” that occurred or was in the process of occurring before the Policy effective date, coverage is precluded by the language cited in Paragraph 26, above.

58. Accordingly, there is no coverage for HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES under the CGL Part of the Policy for the Underlying Complaint.

**COUNT V**
**(NO COVERAGE FOR "BREACH OF CONTRACT")**

59. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

60. Count II of the Underlying Complaint asserts "Breach of Contract" against HIGHVIEW PARK TOWNHOMES ASSOCIATION.

61. The language cited in Paragraph 30, above, precludes coverage for "Breach of Contract".

62. Accordingly, there is no coverage for HIGHVIEW PARK TOWNHOMES ASSOCIATION under the D&O Part of the Policy for Count II of Underlying Complaint.

**COUNT VI**
**(NO COVERAGE FOR "CONSTRUCTION DEFECTS")**

63. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

64. The language cited in Paragraph 29, above, excludes coverage under the D&O Part of the Policy for "construction defect".

65. "Construction defect(s)" is defined in the Policy as, "construction or assembly of tangible property, failure to provide or pay for any construction-related goods or services, or the supervision or management of any construction-related activities."

66. The Underlying Complaint alleges "construction defects", specifically:

a. Cracks in the foundation and slab to the Unit, Underlying Complaint, Exhibit A, Para. 10,

b. Additional cracks and deterioration of the foundation and slab, Underlying Complaint, Exhibit A, Para. 14,

c. Settlement cracks, door frames shifting and drywall coming apart in the Unit, Underlying Complaint, Exhibit A, Para. 15,

d. Improper tile repair work to the Unit, Underlying Complaint, Exhibit A, Para. 22,

67. The exclusion the language cited in Paragraph 29, above, applies to preclude coverage.

68. Therefore, there is no coverage for HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES under the D&O Part of the Policy for the Underlying Complaint.

**COUNT VII**
**(NO COVERAGE FOR "BREACH OF FIDUCIARY DUTY" BECAUSE ALL ALLEGED BREACHES ARISE FROM EXCLUDED ACTS)**

69. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

70. Count III of the Underlying Complaint alleges a "Breach of Fiduciary Duty" against MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES.

71. Each of the five (5) alleged breaches of fiduciary duty (cited in Paragraph 17, above), arise from, and are solely related to, otherwise excluded acts, including:

a. "Construction Services",

b. "Pre-Existing" or "Progressive" Damages,

c. "Construction Defects",

d. No "property damage" caused by an "occurrence".

72. Therefore, there is no coverage for MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES under the Policy for Count III of the Underlying Complaint.

**COUNT VIII**
**(NO COVERAGE FOR "PROPERTY DAMAGE" CAUSED BY "YOUR WORK")**

73. USLI incorporates the allegations set forth within Paragraphs 1 through 30 as if fully set forth herein.

74. The Underlying Complaint alleges damage to the Unit caused by a contractor hired by HIGHVIEW PARK TOWNHOMES ASSOCIATION, Underlying Complaint, Exhibit A, Paras. 12-15, 21-22.

75. The exclusion cited in Paragraph 24, above, excludes coverage for "property damage" caused by contractors.

76. The Underlying Complaint alleges "property damage" caused by contractors of HIGHVIEW PARK TOWNHOMES ASSOCIATION.

77. Therefore, there is no coverage for HIGHVIEW PARK TOWNHOMES ASSOCIATION under the Policy for "property damage" caused by "Your Work.".

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, UNITED STATES LIABILITY INSURANCE COMPANY requests entry of a declaratory judgment finding and declaring that:

**A.** UNITED STATES LIABILITY INSURANCE COMPANY has no duty under the Policy to defend or indemnify HIGHVIEW PARK TOWNHOMES ASSOCIATION, MARTIN BRAVO, TATIANA TALAVERA and/or RICARDO HUMPHRIES for the Underlying Complaint; and

**B.** That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated: October 9, 2026

Respectfully Submitted:

UNITED STATES LIABILITY INSURANCE COMPANY

By: *___/s/ Joseph B. Royster___*
One of Its Attorneys

Joseph B. Royster, Attorney No.: 6217542
Weber Gallagher Simpson Stapleton Fires & Newby LLP
200 S. Wacker Dr., Suite 2550
Chicago, Illinois 60606
joseph.royster@wglaw.com